UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE:
SACRED POWER, A NEW MEXICO
LIMITED LIABILITY CORPORATION
    Debtor.                        No. 17-13093-t11

**U.S. TRUSTEE'S MOTION TO CONVERT CHAPTER 11 TO CHAPTER 7,
OR IN THE ALTERNATIVE, MOTION TO DISMISS CASE**

ILENE J. LASHINSKY, the United States Trustee for Region Twenty, (the "U.S. Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. § 1112(b), converting this chapter 11 case to chapter 7 or in the alternative dismissing the above referenced case.

In support thereof, the U.S. Trustee represents as follows:

1. On December 7, 2018, Sacred Power, LLC Electric ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code and has since acted as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.

3. Section 1112(b) of the United States Bankruptcy Code requires, in the absence of "unusual circumstances," that the Court shall convert a Chapter 11 case to one under Chapter 7, or dismiss the Chapter 11 case, if a party in interest establishes "cause." 11 U.S.C. § 1112(b); *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *3 (Bankr. D. Md., Dec. 20, 2007); *In re 3 Ram, Inc.*, 343 B.R. 113, 117 (E.D. Pa. 2006). Specifically, § 1112(b) provides:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court

> that establish that the requested conversion or dismissal is not in the best interest of the creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

4. The Code provides 16 examples of "cause." 11 U.S.C. § 1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Hook,* BAP No. CO-07-106, 2008 WL 3906794 at *2 (10th Cir. BAP, Aug. 26, 2008).

5. The last Monthly Operating Report filed by the Debtor represented the month of July 2018 which was filed August 26, 2018. The Debtor is currently delinquent in the filing of Monthly Operating reports for the months of August 2018, September 2018, October 2018, November 2018, December 2018, January 2019, and the February 2019 report will be due shortly.

6. The failure to file Monthly Operating Reports constitutes cause, pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D.Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter"). As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something." They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and undermines the Chapter 11 process." It is well established,

consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Case nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case"); In re Modern Office Supply, Inc., 28 Bankr. 943 (Bankr. W.D. Okla. 1983)([t]he debtor in possession becomes its creditors' trustee and is required to conduct itself as one. The disclosure of financial condition by periodic reporting to interested parties is high on the list of fiduciary obligations and is to be excused only for justifiable cause").

7. Since the reports have not been filed, the financial health of the debtor may not be diagnosed to determine if a recovery is feasible. This also precludes the United States Trustee from determining if other administrative expenses are being left unpaid.

8. Pursuant to 28 U.S.C. § 1930(a)(6), the Debtor is required to pay a quarterly fee to the U.S. Trustee. The failure to pay the statutory fee "without more, provides cause to dismiss or convert the case." *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995); *see also* 11 U.S.C. § 1112(b)(4)(K) ("cause" includes "failure to pay any fees or charges required under chapter 123 of title 28").

9. Debtor is currently delinquent in the payment of quarterly fees in the amount of $325.00 for the 3rd quarter 2018 and 325.00 will be due shortly for the 4th quarter 2018. This amount is estimated as the Debtor has failed to file the required Monthly Operating Reports.

10. This case has been pending for 14 months and at this point keeping the case open while the Debtor is unable to move toward confirmation in a timely manner, is prejudicial to

creditors.

11. The U.S. Trustee waives the thirty day hearing commencement requirement of 11 U.S.C. § 1112(b)(3).

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court enter an Order:

(1) Granting this Motion;

(2) Converting this case to one under Chapter 7 or in the alternative, dismissing this case.

(3) Granting such other and further relief as is just and proper.

Respectfully submitted,

ILENE J. LASHINSKY
United States Trustee

　/s/ electronically submitted 3/12/19
Leonard Martinez-Metzgar
Trial Attorney
Office of the U. S. Trustee
P. O. Box 608
Albuquerque, NM 87103
(505) 248-6548

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above pleading was filed electronically on the March 12, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including the following parties. Parties may access this filing through the Court's system. I additionally certify that I provided a true copy of the foregoing on March 12, 2019, postage prepaid to the below mentioned:

Don F. Harris, Esquire
Attorney for Debtor In Possession
320 Gold Avenue SW, Suite 1401
Albuquerque NM 87102
(505) 503-1637

Sacred Power LLC

1501 12th Street, NW
Albuquerque NM 87104

<u>Filed electronically March 12, 2019</u>
Leonard Martinez-Metzgar
Trial Attorney

Page 5

Case 17-13093-t11    Doc 85    Filed 03/12/19    Entered 03/12/19 14:32:00 Page 5 of 5